## R. S. READ *v.* JERRY STURTEVANT.

### *Promissory Note. Demand.*

The payee of a demand note payable in hemlock bark, given February 19th, 1863, demanded payment in the summer of 1863, according to its terms, requesting the defendant to have the bark peeled during the summer, the season for peeling bark, and delivered the next winter, usually the best time to draw it, all which the defendant agreed should be done. *Held,* that this demand was most appropriate to such a note, and the defendant by failing to answer it, as he promised, became liable to pay the note in money. The payee could therefore recover upon the money counts.

The plaintiff was a competent witness as to the transaction between himself and the *defendant with relation to the consideration of the note, and the demand and agree-ment to pay,* unaffected by the fact that a co-signer, who was present on the occasions referred to, and witnessed what occurred between the plaintiff and *defendant,* has since deceased.

ASSUMPSIT in the common counts. Plea, the general issue, and trial by the court, at the April Adjourned Term, 1867, WILSON, J., presiding.

The plaintiff introduced as evidence in support of his declaration, a note, of which the following is a true copy:

" $40.00.  On demand, for value received, we jointly and sever-ally promise to pay R. S. Read, or order, forty dollars in good hem-lock bark, at the going price, with interest at 7 per cent.

" (Signed,)     JERRY STURTEVANT,<br>" (Signed,)     B. HAYES.

" East Fairfield, February 19th, 1863."

The defendant admitted the execution of the note, but insisted that the plaintiff could not recover on it under the general counts. The plaintiff offered himself as a witness in his own behalf, and his testi-mony tended to show, that the note in question was given for money which the defendant and Hayes, the other signer of the note, bor-rowed of the plaintiff at the date of the note ; that the defendant and Hayes were both present at the time the money was borrowed, and when the note was executed, and that Hayes took the money. The plaintiff further testified, that after the note was executed, on the same day, he told the defendant, Sturtevant, in the presence of Hayes,

34

and also told Hayes, that he should want the bark on the note in the winter of 1864; that the defendant must peel it in the summer of 1863, so as to have it ready to deliver, and deliver it in the winter of 1864, and that the defendant then agreed that he would deliver the bark, and pay the note in the winter of 1864. The plaintiff further testified, that in the summer of 1863, he saw the defendant, and told him he must pay the note in the winter of 1864, and that the defendant then agreed that he would deliver the bark, and pay the note in the winter of 1864. It appeared that Hayes was present at the time the plaintiff called on the defendant for the bark in the summer of 1863. The plaintiff testified that he had the note in his possesion at both times when he called on the defendant for payment as above, and that the note, when given, was the property of the plaintiff, and that he has ever since owned it, and had possession of the same. It appeared that Hayes, the other signer of the note, died before this suit was commenced.

The county court found that the defendant borrowed the money for which he executed said note to the plaintiff; that the plaintiff, ever since the note was executed, has been the owner of the note, and at all times had possession of the same; that the plaintiff, on the 19th day of February, 1863, after the note was executed, and also in the summer of 1863, demanded of the defendant payment on the note according to its terms, and requested the defendant to pay the note in bark in the winter of 1864, and that the defendant agreed and promised the plaintiff to deliver the bark, and pay the note in the winter of 1864. The defendant seasonably objected to the testimony of the plaintiff so far as it refered to anything said by the plaintiff to Hayes, and also as to anything said by Hayes to the plaintiff, or done by Hayes. The defendant also objected to the testimony of the plaintiff as to anything that was said or done by the defendant in the presence of Hayes, but the court overruled the objection, and admitted the plaintiff to testify so far as his testimony is detailed above,— to which the defendant excepted.

The court found the foregoing facts upon the plaintiff's testimony as to what was said and done between the plaintiff and the defendant, and wholly independent of the plaintiff's testimony as to what he said

to Hayes, and independent of his testimony as to what was said or done by Hayes. Upon the foregoing facts the county court rendered judgment for the plaintiff to recover the amount of the note with interest, at the rate of six per cent., per annum. Exceptions by the defendant.

*E. A. Sowles* and *R. O. Sturtevant*, for the defendant.

1. The court erred in admitting the testimony of the plaintiff. L. B. Hayes, " one of the original parties to the contract or cause of action in issue and on trial," was dead at the time of the trial. Gen. Stat., p. 327, § 24; *Manufacturers' Bank* v. *Scofield*, 39 Vt. 590; *Byrne* v. *McDonald*, 1 Allen, 293; *Smith* v. *Smith*, 1 Allen, 231; *Hubbard* v. *Chapin*, 2 Allen, 328.

2. The note being payable in specific articles, on demand, the plaintiff must show a demand for the articles under the common counts, in order to sustain his action. *Elkins* v. *Parkhurst*, 17 Vt. 105; 1 Denio, 105.

3. The plaintiff's testimony does not establish a legal demand, as appears by the exceptions, even if his testimony was admissible. Edward on Bills, p. 504.

———, for the plaintiff.

The facts found by the county court, show a demand of payment according to the terms of the note; and the failure of the defendant to pay the note according to its terms, makes it payable in money; and hence the note may be given in evidence under the general assumpsit count. *Perry* v. *Smith*, 22 Vt. 301; *Wainwright* v. *Straw et al.*, 15 Vt. 215; *Way* v. *Wakefield*, 7 Vt. 223.

The ruling of the county court as to the admission of evidence, was correct.

The opinion of the court was delivered by

STEELE, J. This suit is brought against one of two joint and several makers of a demand note for forty dollars payable in hemlock bark. The other maker of the note is deceased. Two questions arise, one whether the facts disclose such a demand of payment as

will entitle the plaintiff to recover upon the money counts, and the other whether the plaintiff is under the statute a competent witness as to matters which occurred between him and the defendant, the defendant's co-signer being dead.

I. The note was given February 19th, 1863. In the summer of 1863 the plaintiff, as is stated in the exceptions, called upon this defendant and demanded payment of the note according to its terms, requesting him to have the bark peeled during the summer and delivered the next winter, all which the defendant agreed should be done. It is urged that this constitutes rather an extension of time upon the note than a demand of payment. When a debt is payable in specific articles, it is but the part of a considerate creditor and a good neighbor, to accompany the demand with an offer of sufficient time to enable the debtor to deliver the articles without unusual inconvenience and expense. It is well understood that hemlock bark cannot be peeled advantageously except in the summer months, and that it is usually peeled and piled in the summer, and is generally and easiest loaded and drawn upon the snow in the winter. If, therefore, the plaintiff had waited until winter before he asked for the bark, the defendant might not have had it peeled, and if he had insisted upon immediate delivery when he made the demand in the summer, the defendant to comply with the demand, would have been put to the inconvenience of drawing it upon wheels. The plaintiff made precisely the kind of demand which was most appropriate to the kind of a note he held, and the defendant by failing to answer it as he promised, has become liable to pay the note in money.

II. The plaintiff was a competent witness as to the transactions between himself and the defendant with relation to which he was offered. The fact that the deceased co-signer was present on the occasion referred to, and witnessed what occurred between the plaintiff and the defendant, does not affect the question. The testimony related merely to transactions with, to use the language of the statute, " a person who was living and competent to testify." The manifest intention of the exception to the proviso of the statute is, to prevent the exclusion of a party from testifying when the bargain was made with a person still alive and competent, even though some other

Read *v.* Sturtevant.

person, party to the contract, is deceased.   If the terms of the statute are broad enough to permit the manifest injustice of excluding the plaintiff from testifying to the very matters which occurred between him and the defendant, and with reference to which the defendant is a witness, still, as they fairly permit a different construction, we have no difficulty in concluding that the interpretation which accords with justice and equality is the one intended by the law.

Judgment affirmed.